# EXHIBIT A

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | Third Judicial Circuit |
| **COUNTY OF SUMTER** ) | |
| ) | |
| BERNICE MONTGOMERY ) | Civil Action No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS & COMPLAINT** |
| ) | |
| HYPERION BIOTECHNOLOGY, INC. ) | |
| Defendant. ) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at his home; 411 Church Street, Sumter, SC 29150 within 30 days after the service hereof, exclusive of the day of such service, and if you fail to answer within the prescribed time, a judgment by default will be rendered against you for the amount or other remedy requested in the attached Complaint plus interest and costs.

**Attorney for Plaintiff**
**October 3, 2016**

Law offices of:
ORMOND DUNN

Attorney/s for Plaintiff

By: s/*J. Charles Ormond, Jr.*
J. Charles Ormond, Jr.

301 Stoneridge Drive
Columbia, SC 29210
(803) 933-9000

ELECTRONICALLY FILED - 2016 Oct 03 2:50 PM - SUMTER - COMMON PLEAS - CASE#2016CP4301871

ELECTRONICALLY FILED - 2016 Oct 03 2:50 PM - SUMTER - COMMON PLEAS - CASE#2016CP4301871

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | Third Judicial Circuit |
| | ) | |
| BERNICE MONTGOMERY | ) | Civil Action No.:_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| HYPERION BIOTECHNOLOGY, INC. | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Bernice Montgomery, for her Complaint against Defendant, avers as follows:

### INTRODUCTION

1. This is a complaint authorized and instituted pursuant to the Federal Civil Rights Act of 1964, as amended (herein "Title VII"), 42 U. S. C. §2000 *et. seq.*, and the common law of South Carolina.

### PARTIES

2. Plaintiff, Bernice Montgomery ("Montgomery" or Plaintiff) is a female citizen of the United States and, at all times relevant herein, was a resident of the County of Sumter, State of South Carolina.

3. Upon information and belief, Hyperion Biotechnology, Inc. ("Hyperion" or Defendant) is a corporation doing business in South Carolina organized in one of the United States.

4. Upon information and belief, Defendant employs/employed (during the relevant period) in excess of 15 employees.

### JURISDICTION AND VENUE

5. The unlawful conduct alleged in this Complaint was committed in Sumter County, South Carolina.

6. Plaintiff has satisfied all agency, administrative and judicial prerequisites to the institution

of this action.

7. Subject matter jurisdiction is proper in this Court under the following statutes: Section 15-7-10 et seq. (As amended) the Code of Laws for South Carolina and relevant case law. 42 U.S.C. §2000 (e), *et. seq.* (5 USCA §706) and relevant case law.

## *FACTUAL BACKGROUND*

8. Plaintiff, in or about 2012, began working for a contractor to the Air Force at its base in Sumter, South Carolina. Ms. Montgomery is and was a clinical counselor and her job duties were as Victim Advocate for Domestic Abuse.

9. In or about September of 2014, Defendant Hyperion gained the contract with the Air Force and either all or most of the employees continued in their positions, including Plaintiff. Hyperion employees were supervised by Air Force personnel on a daily basis and this included Plaintiff.

10. Plaintiff continued to do a professional and excellent job throughout her tenure with Defendant as demonstrated in supervisor statements and evaluations. Plaintiff had no verbal or written disciplinary issues.

11. A new Air Force employee began working with Plaintiff and she, the new officer and her supervising Air Force Officer (Reed) became or were very close to each other. However, although noticeable, such relationship was of no concern to Plaintiff.

12. During a meeting, in or about late December, 2014, one of Plaintiff's officers made a highly sexual and negative statement to her. The statement and the context of the statement contemporaneous to and prior to the statement, was/were both subjectively and objectively sexual, suggestive and negative in nature.

13. Policy (verbal and/or written) advised employees to report such issues to human resources. Plaintiff, after the meeting and on that day, did report this issue to the Human Resources Department of her Employer (Defendant Hyperion).

14. She (Plaintiff) was contacted by e-mail and phone by a senior manager and, initially, a human resources employee related to the report. Human Resources seemed concerned and the senior manager's attitude was negative towards her (Plaintiff).

15. Defendant, though its management in Texas, did notify the senior Air Force Officer (Reed)

ELECTRONICALLY FILED - 2016 Oct 03 2:50 PM - SUMTER - COMMON PLEAS - CASE#2016CP4301871

who was close to the officer making the statement and heard the statement, of the concern and report by Plaintiff. Reed then, that day or the day following, notified Defendant Manager that Plaintiff should be written up. Plaintiff was then written up for an "alleged failure to notify (Reed) of her location." Such allegation had no basis in fact.

16. Plaintiff continued to communicate to Defendant management about the improper and retaliatory discipline immediately subsequent to her report and statement and surrounding issues as well. The officer making the comment admitted the comment to Hyperion Management either directly or indirectly.

17. Plaintiff's Air Force supervisor (Reed) and her regional manager in Texas became extremely hostile toward her. She (Plaintiff) was treated disparately and very negatively from that point forward as she asked for a direct apology and a reversal of the retaliatory discipline.

18. Within approximately one week, Plaintiff was told by Reed that she would be relocated to another office. This office did not have a working phone (a requirement for her work) nor did it have a working air conditioning system. She was moved to the office within two weeks. Reed and her Texas manager continued to be hostile and nasty towards her in all verbal communications and contact.

19. Within approximately six weeks of the report, Plaintiff was placed on Probation by her Texas manager, again for alleged issues without any basis in fact. Plaintiff, concerned for her job, made sure she made no mistakes and otherwise performed her job in as perfect a manner as is/was possible hoping the issue would diminish over time.

20. On or about May 28, 2015, Plaintiff had a routine meeting scheduled on her calendar. However, a client/patient (an abuse victim/client) meeting was set up and occurred that day also and disallowed her to make the meeting. Company policy as well as her professional ethics required that the client has priority and she met with the client and missed the meeting. Plaintiff was terminated on May 29, the Company stating that she missed a meeting.

### FOR A FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U. S. C. §2000e, //Retaliation)

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. During all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of

employee and employer. The Employer allowed its contract partner (the Air Force) employees to supervise and oversee its employees.

23. Plaintiff reported to her employer (in Texas) that a supervising agent with the contract party (who was in a very close relationship with her direct supervisor (Reed)) made a sexually suggestive and negative comment to her directly. The comment and context in which the comment was made concerned her greatly and she was concerned that the sexual statement or innuendo was directed at her by a supervisor.

24. Plaintiff reported the statement and her concerns to her human resources persons (management) located in Texas. Such report was, at a minimum, encouraged under the policies of the Employer.

25. Such reports and concerns by Plaintiff relating to her concern of sexual bias and hostile environment were made in good faith and had both an objective and subjective basis for such concern that such actions and statements were or might be illegal under Title VII.

26. Defendant (Employer), immediately from the point of her report and forward, disciplined Plaintiff without any cause, treated Plaintiff in a hostile and highly disparate manner and ultimately terminated Plaintiff as a result of her good faith complaints, inquiries, charges, grievances, and/or claims.

27. As a direct and proximate result of the termination and due to Defendant's reckless, willful and intentional acts of discriminatory treatment and retaliation, Plaintiff has experienced severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, increased medical expenses, past, present and future loss of income, and other economic and non-economic damages including direct and consequential damages.

28. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests that this Court:
  A.  Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to her former job and benefits;
  B.  Order Defendant to reinstate Plaintiff to her former job with the employee benefits attendant to that job;

ELECTRONICALLY FILED - 2016 Oct 03 2:50 PM - SUMTER - COMMON PLEAS - CASE#2016CP4301871

ELECTRONICALLY FILED - 2016 Oct 03 2:50 PM - SUMTER - COMMON PLEAS - CASE#2016CP4301871

C.    Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U. S. C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against her;

D.    Permanently enjoin Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of 42 U. S. C. §2000e *et. seq.*;

E.    Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U. S. C. §1988 and 2000e-5 (k);

F.    Award such other and further relief as this Court may deem just and proper.

### FOR A SECOND CAUSE OF ACTION/(unilateral contract)

29.    Plaintiff incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.    Defendant provided both written and unwritten policies relating to the treatment, discipline /termination, obligations or both the employee and employer. As a professional employee Plaintiff was taught of the Company's process of discipline, including stepped discipline.

31.    Plaintiff relied on such policies and procedures and understood that such policies were obligations on the part of the employer.

32.    Defendant failed to adhere to such policies and terminated Plaintiff's employment contrary to the policies of the Company.

33.    Plaintiff, as a proximate cause of such breach, has suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court:

A.    Award Plaintiff actual damages including direct and consequential damages.

B.    Award such other and further relief as this Court may deem just and proper.

**Attorney for Plaintiff**

October 3, 2016

                                    Attorney for Plaintiff

                                    *s/J. Charles Ormond, Jr.*
                                    J. Charles Ormond, Jr.:

ORMOND - DUNN
301 STONERIDGE DRIVE
COLUMBIA, SC 29210
803 933-9000 / chuck@ormonddunn.com

Subj: **Accepted Notice: Your filing, Re: 2016CP4301871 - (180) Employment - Summons & Complaint, was accepted**
Date: 10/3/2016 3:37:22 P.M. Eastern Daylight Time
From: efiledonotreply@sccourts.org
To:     chuck@ormonddunn.com
CC:    cormond@aol.com

| | |
|---|---|
| **To:** | John Charles Ormond, Jr. |
| **From:** | efiledonotreply@sccourts.org |
| **Date:** | 2016-10-03 14:50:37.96 |
| **Subject:** | Your electronic filing, Re: 2016 Employment - Summons & Co by CIRCUIT COURT. |

| | |
|---|---|
| Case Number: | 2016CP4301871 |
| Case Type: | (180) Employment |
| Document Type: | Summons & Complaint |
| Reason(s) : | (none provided) |

~~~ CONFIDENTIALITY NOTICE ~~~ This message is intended only for the addressee and may contain information that is confidential. If you are not the intended recipient, do not read, copy, retain, or disseminate this message or any attachment. If you have received this message in error, please contact the sender immediately and delete all copies of the message and any attachments.